der confirming the commissioners' report should be reversed, and a rehearing ordered before the same or other commissioners to be appointed.

THOMAS, J., concurs.

PEARSON et al. v. LIBERTY AVE. THEATER CO. et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1912.)

CORPORATIONS (§ 432*)—PRESIDENT—AUTHORITY.

The president of a theater company is presumed to have been author· ized to buy fittings for the theater, where they were placed therein and adapted thereto, and pass to the company's lessee.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1735, 1737, 1743, 1762; Dec. Dig. § 432.*]

    Burr, J., dissenting in part.

Appeal from Trial Term, Kings County.

Action by John F. Pearson and another against the Liberty Avenue Theater Company and others. Judgment dismissing the complaint, and plaintiffs appeal. Affirmed as to defendants A. H. Woods Productions Company and another, and reversed, and new trial granted, as to defendant Liberty Avenue Theater Company.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

Clarence B. Campbell, of New York City, for appellants.
Mortimer Fishel, of New York City, for respondents.

THOMAS, J. The action is for goods and services in installing them in the Liberty Avenue Theater. Woods was president of each of the other defendants, and as president of the Liberty Avenue Theater Company made a parol contract for the goods and confirmed it by letter, and the goods were placed in the theater owned by the Liberty Avenue Theater Company, and the deliveries were substantially completed before the A. H. Woods Productions Company took possession of it by lease, which, as its counsel concedes, was about February 7, 1910. While the counsel for the Liberty Company did not join in the concession, he did not dissent from it; but it is unfortunate that the lease was not produced, as he suggested.

The complaint was as to such defendant dismissed, upon the ground that no authority was given to Woods to make the contract. But he did make it for his principal. The goods were delivered pursuant to his order, and passed to his principal's lessee. If the president of a corporation buys fittings for its place of business, and they are placed therein and adapted thereto, and pass to its lessee, the principal's conduct indicates that its president acted presumptively within the limits of his powers, inasmuch as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the appropriation of the objects of purchase shows approval thereof. The A. H. Woods Productions Company was not privy to the purchase, and Woods bought avowedly for the Liberty Avenue Theater Company, and the plaintiffs, in the usual ways, recognized it as its customer. One of the two companies seems to have purchased the goods, and the proof fails as to the Woods Company.

The judgment as to the other defendants should be affirmed, with one bill of costs, and reversed as to the Liberty Avenue Theater Company, and a new trial granted, costs to abide the event.

HIRSCHBERG, WOODWARD, and RICH, JJ., concur. BURR, J., concurs, except as to the Liberty Avenue Theater Company, and as to that defendant reads for affirmance.

BURR, J. I concur with Mr. Justice THOMAS that the judgment should be affirmed as to Albert H. Woods and the A. H. Woods Productions Company. I think that it should be affirmed, also, as to the Liberty Avenue Theater Company. A paper was offered in evidence, purporting to be signed in behalf of the Liberty Avenue Theater Company by A. H. Woods, president, and was received over said defendant's objection and exception. I think that this was error. It seems to have been assumed, rather than proved, that Woods was such president. But, if we concede for the sake of the argument that he was, there is no evidence that the signature to the paper was in fact made by him, or by his authority. There is some evidence to the effect that Woods told his brother to draw an order for furniture and carpets, and that at that time the paper in question was handed to one of the plaintiffs. It does not appear who handed it to him, nor that Woods ever saw it, or that the paper was in conformity to the authority given by him to his brother.

Upon the other ground referred to in the said opinion, viz., the date of the delivery of the goods, the complaint alleges that at the date of such delivery the Liberty Avenue Theater Company was not in possession of the premises when the delivery was made, but that the A. H. Woods Productions Company was. This allegation the Liberty Avenue Theater Company admitted. So far as the plaintiffs and the defendant are concerned, this was not an issuable fact. If the proof to the contrary were clear (and it seems to me that it is not), no application was made to amend the complaint in this respect. As I understand the rule, while a pleading may sometimes be deemed amended in order to sustain a judgment, it may not be thus amended in order to bring about a reversal.